FILED
FEB - 7 2011

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CHARLES LANE,**

        Plaintiff,

vs.

**DANIEL N. GORDON, P.C.,**

        Defendant.

Civil Case No. 10-793-KI

OPINION AND ORDER

Joshua Trigsted
Trigsted Law Group, P.C.
5200 SW Meadows Rd., Suite 150
Lake Oswego, Oregon 97035

    Attorney for Plaintiff

Page 1 - OPINION AND ORDER

Jonathan M. Radmacher
Kjersten H. Turpen
McEwen Gisvold LLP
1100 SW Sixth Avenue
Portland, Oregon 97204

      Attorneys for Defendant

KING, Judge:

      Plaintiff Charles Lane brings a complaint under the Fair Debt Collection Practices Act ("FDCPA") against defendant Daniel N. Gordon, P.C. Pending before the Court are the parties' cross-motions for summary judgment. For the following reasons, I grant defendant's motion and deny Lane's motion.

## BACKGROUND

      Lane alleges that defendant's collection letter of February 16, 2009, demanding $1,370.54 as the amount due and owing on a debt, was inconsistent with the amount defendant later demanded in a July 2009 lawsuit. In the July complaint, defendant alleged Lane owed the principal sum of $848.63, with accrued interest of $516.52, resulting in a total of $1,365.15, plus interest on the principal at the rate of 9% per annum from February 16, 2009 until paid. Lane alleges that defendant violated the FDCPA by "stating in its Complaint an amount owing that is plainly inconsistent with another balance given earlier" in the February 16, 2009 letter. First Am. Compl. ¶ 12. He also alleges that defendant's "statement of the amount of the debt, made in the Complaint filed by Defendant against Plaintiff, was not accurate." Id. ¶ 14.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

The FDCPA prohibits "any false, deceptive, or misleading representation . . . in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically, a debt collector may not falsely represent the "character, amount, or legal status of any debt" or use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Id. The FDCPA is a strict liability statute that "makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

Defendant's February 16, 2009 letter demanded $1,370.54, which defendant explains constituted $1,365.15 (the total as of the "last interest date" of February 10, 2009) plus $5.39 in interest that had accrued from February 10 to February 16. The July 2009 complaint sought the same principal and accrued interest ($1,365.15), but did not include the $5.39 in interest from February 10 to February 16. Defendant could have asserted a claim in the complaint for interest

Page 3 - OPINION AND ORDER

from February 10, but did not. Instead, it sought interest from February 16, and therefore sought a lesser amount from Lane than he owed. Defendant simply sought less in the complaint than the full amount due and owing; since the amounts stated in the February 10 demand letter and in the July 2009 complaint were both correct, defendant did not make a false statement. Consequently, I conclude that defendant is entitled to judgment as a matter of law as no rational trier of fact could conclude that defendant falsely represented the amount of the debt in the July 2009 complaint.

As a result of my ruling, Lane's motion for summary judgment is denied as moot.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment (#24) is granted and Lane's Motion for Summary Judgment (#28) is denied as moot.

IT IS SO ORDERED.

Dated this 7th day of February, 2011.

Garr M. King
United States District Judge